STATE *ex rel.* JOSEPH JORDANS, Executor of the Estate
of JACOB JORDANS, Appellant, v. MARK S.
SPRINGGATE *et al.*, Respondents.

St. Louis Court of Appeals, May 15, 1894.

**Executions:** BOND OF INDEMNITY ON CLAIM BY THIRD PERSON. When a
statutory claim is made by a third person to property levied upon
under an execution, the officer making the levy is justified in refus-
ing to accept from the execution creditor, under the statute, a bond
of indemnity with a fixed penalty which is less than the value of the
property.

*Appeal from the Franklin Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

AFFIRMED.

*J. C. Kiskaddon* for appellant.

*John W. Booth* for respondents.

BIGGS, J.—Jacob Jordans obtained a judgment
before a justice of the peace against one Henry
Strutsmann. An execution was issued thereon,
directed to the defendant, Mark S. Springgate, con-
stable of the township. Springgate levied the execu-
tion on one horse boat and four horses as the property
of Strutsmann. Subsequently Springgate released the
property from the levy, stating in his return on the
execution that one Amelia Strutsmann claimed it, and
that, the plaintiff in the execution having failed within
the time prescribed by law to give a good and satisfac-
tory indemnity bond, the property was released and
delivered to the claimant. The present action is on

the official bond of Springgate. The breach alleged is the falsity of the return on the execution.

The answer, after stating that Amelia Strutsmann had made claim to the property in the manner provided by law, and that Jordans after notice of the claim had failed to give a satisfactory bond of indemnity, thus proceeds: "And defendants aver that the said Jacob Jordans never made and tendered to said constable any such bond, but that, upon said request being so made, said Jacob Jordans, as principal, and Michael Jordans and Aug. Leisner, as sureties, executed and tendered to said constable their penal bond in the sum of $800, by which, to that amount and no more, they bound themselves to indemnify said constable against damages and costs he might sustain in consequence of the seizure and sale of said property, and to pay and satisfy any person or persons claiming title to said property such damages as such person or persons might sustain in consequence of such seizure and sale; that by the terms of said bond the sum of $800 was the limit of liability thereon of said Jacob Jordans and Michael Jordans and Aug. Leisner to the said constable, and to any and all claimants of said property; that then and there, when the bond last mentioned was tendered to said constable, said property so levied upon and in possession of said constable and claimed by said Amelia Strutsmann was of the value of at least $1,600, and said bond was totally insufficient to indemnify said constable for all damages and costs he might sustain by the seizure and sale of said property, and to secure to any claimant of said property payment of all damages such claimant might sustain in consequence of the seizure and sale of said property; and said Jacob Jordans failing to tender to said constable any indemnity bond in accordance with the statute in such cases made and provided, the said constable released his said

levy of said execution on said property and returned said execution unsatisfied.'' The plaintiff demurred to that portion of the answer above set forth. The demurrer was overruled. The plaintiff having refused to file a replication, final judgment was entered for the defendants. The plaintiff has appealed.

The only question presented by this record for decision is whether the bond tendered by the relator was such a bond as the statute required. This question we think must be answered in the negative.

The statute governing such proceedings (section 6311 of the Revised Statutes of 1889) provides that, after claim has been made, etc., ''the constable, before proceeding to sell such property, shall take of the plaintiff a bond, payable to himself, with good security, and conditioned to indemnify him against all damages and costs which he may sustain in consequence of the seizure and sale of the property on which the execution shall have been levied, and, moreover, to pay and satisfy any person or persons claiming title to such property, all damages which such person or persons may sustain in consequence of such seizure and sale.'' And section 6313 provides: ''And if the plaintiff decline or fail to give such bond within forty-eight hours after having been notified of such claim, and requested to give the same by the constable, such constable shall release the property claimed to such claimant, and the plaintiff shall be barred of any right of any right of action against such constable on that account.''

The plain object of the statute is to afford to a claimant, by means of an indemnifying bond, full and complete protection against all damages arising from the wrongful sale of his property. This was evidently the intention of the legislature, and the object is clearly attained by providing for an undertaking without limitation as to amount. The bond takes the place

of the property, and the claimant loses all right of action against the officer for the illegal seizure, provided the sureties are solvent.

It is an argument entirely apart from the question that the bond offered would likely have afforded the claimant full protection against all loss, or that the makers of the bond could have been sued as trespassers and the entire damage recovered in that way. The question is whether the constable violated the law in refusing to accept a bond with a fixed penalty, which was admittedly less than the value, of the property claimed and seized. We are of the opinion that he did not, and we, therefore, affirm the judgment. All the judges concur.